*SYNDICS OF WEIMPRENDER* vs. *WEIMPRENDER.* East'nDistrict.
*June,* 1824.

APPEAL from the court of the first district.

SYNDICS OF WEIMPREN-DER *vs.* WEIMPREN-DER.

MATHEWS, J. delivered the opinion of the court. This is an action in which the syndics allege a fraudulent and null sale to have been made by the insolvent, to the defendants, of a certain tract of land and a number of slaves, as set forth in the petition ; and pray that the sale may be declared void, and the property decreed to be delivered to them for the benefit of the creditors whom they represent.

Actions to set aside contracts as fraudulent, must bebrought within one year from the time the fraud was discovered. But where the debtor is in-solvent, the ac-tion need not be commenced until a settle-ment of the es-tate.

The answer of the defendants contains a general denial, and a plea of prescription. The court below rendered a judgment by which the plea of prescription is sustained ; and the plaintiffs appealed.

It is necessary to investigate the cause, alone in relation to the defence offered under this plea.

A statement of the principal facts of the case, necessary to a just application of the law, is submitted by the counsel, concerned on each side, and contains the following.

1st. The act of sale under which the defen-dants claim, was made on the second day of May, 1817, in the parish of St. John the Bap-

East'n District.
June, 1824.

SYNDICS OF
WEIMPREN-
DER
vs.
WEIMPREN
DER.

tist, and was recorded in the office of the parish judge, on the 8th day of July, 1819.

2d. On the 7th of February, 1820, the suit of St. Avid and others, vs. Weimprender was instituted.

3d. The suit of Weimprender's syndics vs. the Weimprenders, was commenced on the 14th of December, 1820, and was terminated by a judgment of the supreme court, in March term, 1822.

4th. The second suit of Livingston, &c. for a surrender was commenced on the 8d of July, 1822, and the proceedings homologated on the 7th of February, 1823.

The first of these actions was instituted for the purpose of causing the insolvent to make a forced surrender of his property, which was ordered ; and the appointment of syndics homologated on the 10th day of April, 1820. It was commenced within a year from the recording of the sale, *sous seing privé* as above stated.

The period of recording that instrument, we take as the earliest at which it may be presumed that the creditors knew of the sale, from the insolvent to his sons. They, or a part of them took legal measures to have his property

East'n District:
June, 1824.

SYNDICS OF
WEIMPREN-
DER
vs.
WEIMPREN-
DER.

placed in a train for discussion and to have it managed for the benefit of the mass of his creditors, under the administration of syndics; which ought to relieve them from any loss of rights by the operation of prescription, in consequence of laches, and for tardiness in pursuit of their just claims. They did every thing that could be required of them, by causing the estate of the bankrupt, to be placed under the controul of proper administrators; which it was presumed had been done by the appointment and confirmation of syndics, made (as already stated,) on the 10th April, 1820.

These syndics, supposing themselves to be clothed with legal authority, did on the 14th of December, in the same year, commence a suit by the pleadings of which, the title under which the present defendants now claim, was put in issue. That suit was finally dismissed by the judgment of the supreme court above cited, rendered in March term, 1822, on the ground that the plaintiffs who stated themselves syndics had not legal authority to administer the estate of the insolvent.

According to the regular course of judicial proceedings, in cases of insolvency, creditors who from necessity form a mass or

East'n District.
June, 1824.

SYNDICS OF
WEIMPREN-
DER
vs.
WEIMPREN-
DER.

sole body, must be represented, by agents duly appointed. The failure of the syndics in the suit by them commenced in December, 1820, under an authority which they believed they had obtained in the month of April, of the same year; as said suit was instituted, before the prescription relied on by the defendants was complete; does not prevent an interruption in the time of its running. This doctrine has been settled by a decision in the case of *Chretien* vs. *Theard*, made during the present term, to which we refer, *ante 586.*

We have already seen that the judgment of nonsuit, was not rendered until March, 1822. In July of that year, a proceeding was commenced by Livingston and others, again to cause a forced surrender of his property by G. Weimprender the father; which terminated in the appointment of the plaintiffs, as syndics, &c. on the 7th of February, 1823; who in April following, commenced the present action, more than one year subsequent, to the final decision of the former suit, instituted by syndics whose appointment, was adjudged to be informal.

The steps taken by the creditors, after the final judgment in that case, to effect a forced

East'n District.
June, 1824.

SYNDICS OF
WEIMPREN-
DER
vs.
WEIMPREN
DER.

surrender, and to have administrators of the estate appointed, were perhaps somewhat tardy ; but not too late to prevent the effects of the prescription on which the defendants rely ; as ordained and established by the 7th law, 15 *Tit. Part. 5.* This law admits actions such as the present, to one year from the time the persons, who may be interested to have contracts set aside, on the ground of fraud, knew of the transfer of his property ʰy a debtor to their prejudice. In the 6th note of the learned commentator, Gregorio Lopez, on the words *fasta un año :* he shews clearly that the time allowed, begins to run against creditors, only from the period at which it could be ascertained that the act of the debtor affected their interests. It is the *annus utilis,* of the Roman law ; and remains to creditors for the purpose of pursuing a fraudulent debtor, not from the time of obtaining knowledge of his act, but from that in which it could be discovered to be in fraud of their rights. This discovery cannot be reduced to certainty, until after a *cessio bonorum,* and discussion of the insolvents estate, for should sufficient remain to satisfy his creditors, there could be no fraud in previous alienations, as relates to their interest.

East'nDistrict.
*June*, 1824.

SYNDICS OF
WEIMPREN-
DER
*vs.*
WEIMPREN-
DER.

According to this view of the subject so far from the suit of the plaintiffs being barred by prescription, a doubt might be entertained whether they are not premature in its commencement. We are however of opinion that this action for a recission of the sale and transfer alleged to be fraudulent, may well proceed, *pari passu*, with the settlement of the bankrupts affairs.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the cause be remanded to the district court, to be tried on its merits.

*Dennis* for the plaintiffs, *Eustis* for the defendant.